UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARK H. RUSZKOWSKI,                                    **DECISION**
                              Plaintiff,                **and**
       v.                                               **ORDER**

KALEIDA HEALTH SYSTEM,                                 **06-CV-715S(F)**
                              Defendant.

APPEARANCES:          MARK H. RUSZKOWSKI, *Pro Se*
                      315 Walden Avenue
                      Buffalo, New York   14221

                      HARTER, SECREST AND EMERY LLP
                      Attorneys for the Defendant
                      AMY L. HEMENWAY, of Counsel
                      Twelve Fountain Plaza, Suite 400
                      Buffalo, New York   14202-2293

        In this Title VII case alleging employment discrimination based on Defendant's

failure to hire Plaintiff on account of his age, gender, race and national origin, before the

court are several motions filed by Plaintiff as follows:

        (1)     Plaintiff's motion to extend the time to May 31, 2007 within which to

answer Defendant's First Set of Interrogatories and respond to Defendant's First Set of

Document Requests was filed April 30, 2007 (Doc. No. 20).  Defendant's opposition was

filed together with Defendant's cross-motion to compel on July 30, 2007 (Doc. No. 26).

In its response, Defendant noted that Judge Elfvin had granted Plaintiff's earlier request

for additional time to April 30, 2007 within which to respond to Defendant's outstanding

discovery requests by order filed April 20, 2007 (Doc. No. 14) ("the April 20, 2007

Order").  Defendant, however, argued that Plaintiff failed to serve responses during

such extension period, and had also failed to serve disclosures in accordance with

Fed.R.Civ.P. 26(a).  Declaration of Amy Hemenway, filed July 30, 2007 (Doc. No. 27)

("Hemenway Declaration") ¶ ¶ 7-9.  Defendant therefore argues that Plaintiff's motion is

moot but that Plaintiff should be directed to serve responses to Defendant's discovery

requests.  Hemenway Declaration ¶ ¶ 24-26.  Based on Defendant's arguments, the

court finds Plaintiff's motion (Doc. No. 20) to be moot, and it is therefore DISMISSED.

(2)     Plaintiff's motion for a protective order was filed May 31, 2007 (Doc. No

22).  On July 30, 2007, Defendant filed the Hemenway Declaration both in opposition to

the motion and in support of Defendant's cross-motion to compel (Doc. No. 27).

Specifically, Plaintiff contends that Defendant's First Set of Document Requests seeks

documents relating to Plaintiff's medical, psychiatric, psychological diagnoses and

treatment between January, 2002 and present, and that such information is under

federal law privileged.  Doc. No. 22 ¶ 2, 4.  In its opposition to Plaintiff's motion,

Defendant argues that based on the allegations in the Complaint, it is "unclear" whether

Plaintiff seeks damages for "mental/emotional distress" caused by Defendant's failure to

hire Plaintiff, and "[t]o the extent" Plaintiff claims such damages, Plaintiff's

"mental/emotional state is in issue" thus, according to Defendant, entitling Defendant to

the records sought by Defendant's requests.  Hemenway Declaration ¶ 31.  Defendant

also asserts it attempted to resolve this dispute informally by requesting Plaintiff

stipulate that Plaintiff does not seek mental or emotional distress damages but that

Plaintiff refused to agree to such stipulation.  *Id.* ¶ ¶ 29-30.  Based on these contentions,

Defendant cross-moved to compel Plaintiff to answer interrogatories and document

requests, including Defendant's request for documents related to Plaintiff's medical

history.  (Doc. No. 26, 27) (Hemenway Declaration ¶ 35(a)).  In the absence of any

2

scheduling order regarding Defendant's motion,[1] Plaintiff has not responded to Defendant's cross-motion.

Although not mentioned by the parties, the court notes that in Defendant's First Set of Interrogatories, served March 8, 2007 (Doc. No. 27), Defendant did not request Plaintiff to state whether Plaintiff was seeking such damages, nor has Defendant moved, prior to answer, for a more definite statement regarding Plaintiff's damage claim, pursuant to Fed.R.Civ.P. 12(d).  Additionally, absent a claim for more than "garden variety" emotional distress damages, even a simple claim for emotional distress damages does not create a waiver of the physician-patient privilege sufficient to satisfy the "at issue" rule.  *See Cauley v. Ingram Micro, Inc.*, 216 F.R.D. 241, 244 (W.D.N.Y. 2003) (citing *Ruhlman v. Ulster County*, 194 F.R.D. 445, 449 (W.D.N.Y. 2000)), *aff'd* 220 F.R.D. 26 (W.D.N.Y. 2004).  As in this case no allegation of a substantial claim for emotional distress is presented in the Complaint, and Plaintiff has not affirmed that such claim is being made, Plaintiff cannot be found to have waived any privilege based on the at issue waiver rule.  Nor absent any showing that any emotional distress damages are sought by Plaintiff, can Defendant's document requests for Plaintiff's medical and psychological history be found to be relevant for the purposes of Fed.R.Civ.P. 26(b)(1). Moreover, as this action is based solely on federal law, the court need not determine for the purposes of Plaintiff's motion that Plaintiff may assert any privilege other than the attorney-client privilege pursuant to Fed.R.Evid. 501.  However, the court notes that to the extent that Plaintiff has objected to Defendant's document requests based on a

---

[1]  A scheduling order was filed December 6, 2007 (Doc. No. 60).

state's secret privilege, such privilege generally may be asserted only by the head of the relevant federal agency.  Baicken-McKee, Janssen, Corr, FEDERAL CIVIL RULES HANDBOOK (Thomson-West 2008) at 655 (citing *United States v. Reynolds*, 345 U.S. 1 (1953)).  Accordingly, Plaintiff's motion for a protective order (Doc. No. 22) is GRANTED.

(3)     On May 31, 2007, Plaintiff moved for appointment of counsel (Doc. No. 23).  Plaintiff invites the court to select such counsel from among a list of several local attorneys provided by Plaintiff.  *Id.*   However, Plaintiff is not entitled to an appointed attorney as a matter of right, and the court must exercise sound discretion regarding the complexity of the matter and probability of success before granting a *pro se* litigant's request for counsel.  *Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986).  In this case, based on the court's familiarity with the facts of the case, as a result of conducting an extensive settlement conference with the parties on August 28, 2007 (Doc. No. 40), the court finds no reason to appoint counsel at this time.  Further, based on the several motions filed by Plaintiff, Plaintiff demonstrates he is reasonably capable of prosecuting this matter in accordance with the Federal Rules of Civil Procedure.  Accordingly, Plaintiff's motion to appoint counsel (Doc. No. 23) is DENIED.

(4)     On July 30, 2007, Plaintiff again moved to extend the time to August 31, 2007 within which to respond to Defendant's outstanding discovery requests (Doc. No. 30).  Defendant did not oppose the motion, rather, in a letter to the court dated September 21, 2007 (Doc. No. 63), Defendant noted that Plaintiff's motion was moot because the period requested by Plaintiff's motion had passed.  However, this court's failure to act upon Plaintiff's request does not obviate Plaintiff's obligations to comply

4

with Fed.R.Civ.P. 33(b)(3) (answers to interrogatories to be served within 30 days).  The

court therefore considers the merits of Plaintiff's motion.  In support of the motion,

Plaintiff contends he is acting *pro se* and that on May 31, 2007, moved for appointment

of counsel.  Doc. No. 30 at 2.  However, *pro se* litigants are nevertheless required to

proceed in accordance with the Federal Rules of Civil Procedure, *Baba v. Japan Travel

Bureau Int'l, Inc.,* 111 F3d 2, 5 (2d Cir. 1997), and Plaintiff's motion which was denied,

*supra*, was filed more than 30 days <u>after</u> Judge Elfvin extended in his April 20, 2007

order, the deadline for serving Plaintiff's responses.  Additionally, Plaintiff failed to move

for a further enlargement of time to respond based on either good cause or upon a

showing of excusable neglect as required by Fed.R.Civ.P. 6(b).  Having thus reminded

Plaintiff of his duty to comply with both the Federal Rules of Civil Procedure and the

orders of this court with respect to conducting pretrial discovery in this matter, the court

will, notwithstanding Plaintiff's failure to comply with discovery requests, in the interest

of justice, and absent a showing of prejudice to Defendant, allow Plaintiff additional time

within which Plaintiff shall respond fully to Defendant's First Set of Interrogatories and

Document Requests.  Accordingly, Plaintiff's motion (Doc. No. 30) is GRANTED, and

Plaintiff shall file and serve responses to Defendant's outstanding discovery requests

not later than **January 13, 2008**.


## CONCLUSION

Plaintiff's motion to extend time to respond to Defendant's discovery requests

(Doc. No. 20) is DISMISSED as moot; Plaintiff's motion for a protective order (Doc. No.

22) is GRANTED; Plaintiff's motion for appointment of counsel (Doc. No. 23) is

DENIED; and Plaintiff's motion to extend time to response to Defendant's discovery

requests (Doc. No. 30) is GRANTED.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: December 12, 2007
        Buffalo, New York

PURSUANT TO FED.R.CIV.P. 72(a), ANY APPEAL OF THIS DECISION AND ORDER

MUST BE FILED WITH THE DISTRICT COURT WITHIN **10 DAYS**.